# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
## Richmond Division

| | |
|---|---|
| COLIN ANDREW, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:10CV353-HEH |
| ) | |
| KENNETH T. CUCCINELLI, II, ) | |
| in his official capacity as Attorney ) | |
| General of Virginia, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION
### (Defendants' Motion to Dismiss Amended Complaint)

This is a putative class action challenging the constitutionality of the Virginia Motor Vehicle Transaction Recovery Fund, codified in Section 46.2-1527.1 of the Code of Virginia. Plaintiff contends that the statute's territorial limitations violate the Full Faith and Credit Clause of Article IV, Section 1 of the United States Constitution.

The case is presently before the Court on the Defendants' Motion to Dismiss Amended Complaint. Although the Attorney General of Virginia advances a number of arguable flaws in the Amended Complaint, this Court need only focus on Plaintiff's lack of standing to prosecute this claim for injunctive and declaratory relief.[1]

Both sides have submitted memoranda of law in support of their respective positions. The Court will dispense with oral argument because the facts and legal

---

[1] Although the doctrines of standing and ripeness are technically distinct, "in practice there is an obvious overlap." *Miller v. Brown*, 462 F.3d 312, 319 (4th Cir. 2006) (citing Erwin Chemerinsky, *Federal Jurisdiction*, § 2.4 (4th ed. 2003)).

contentions are adequately presented in the materials before the Court and argument would not aid in the decisional process.

The Virginia Motor Vehicle Transportation Recovery Fund ("the Fund") provides an administrative remedy for certain defrauded purchasers of vehicles from car dealers licensed in the Commonwealth of Virginia. The Fund is administered by the statutorily-created Motor Vehicle Dealers Board ("the Board"), composed primarily of representative Virginia licensed auto dealers. The Board evaluates claims and awards payments to qualifying claimants from a pool of assets contributed by Virginia car dealers. Neither the Board, nor the Fund, are part of the judicial branch of state government.

At issue is the territorial limitation in the governing statute which constrains the purview of the Board's authority. By statute, the Board is not an independent fact finder. Its authority to award compensation to aggrieved car purchasers is statutorily limited to claimants who present a "final judgment in a court of competent jurisdiction in the Commonwealth." Va. Code § 46.2-1527.3 (2010). The Board then evaluates the claim, satisfies any unpaid final judgment, and in exchange, receives an assignment of rights against the car dealer at fault.

Plaintiff's claim of unconstitutionality focuses on the requirement that the administrative remedy provided by Section 46.2-1527 is confined to judgments obtained from Virginia courts. The inability of the Board to honor out-of-state judgments, in Plaintiff's view, offends the Full Faith and Credit Clause of the U.S. Constitution. This Court, however, need not reach the facial sufficiency of the Amended Complaint nor the

2

merits of Plaintiff's claim.

A critical element of this Court's jurisdiction under Article III, Section 2 is justiciability, which is a judicially-created limitation on federal power. With some exceptions, justiciability is determined from the pleadings. This jurisdictional constraint evolves from the case or controversy requirements articulated in Article III, Section 2, which in effect prohibits federal courts from issuing advisory opinions. "Concerns of justiciability go to the power of the federal courts to entertain disputes, and to the wisdom of their doing so." *Renne v. Geary*, 501 U.S. 312, 316, 111 S. Ct. 2331, 2336 (1991).

A strand of this limitation is ripeness, which confines a federal court's jurisdiction to actual cases, as opposed to questions presented in the abstract. In other words, is the controversy mature for judicial consideration? *Rescue Army v. Mun. Court of City of Los Angeles*, 331 U.S. 549, 584, 67 S. Ct. 1409, 1427 (1947). The burden of proving ripeness falls on the party bringing suit. *Miller v. Brown*, 462 F.3d at 319 (4th Cir. 2006); *Renne v. Geary*, 501 U.S. at 316, 111 S. Ct. at 2336 (1991).

The analytical framework for reviewing challenges to justiciability is well-settled. In determining whether a substantial controversy exists, courts examine several factors: 1) hardship to the parties if the court withholds consideration, *Ft. Sumter Tours, Inc. v. Andrus*, 564 F.2d 1119, 1124 (4th Cir. 1977); and 2) fitness of the issues for judicial decision at this point, *Franks v. Ross*, 313 F.3d 184, 194–95 (4th Cir. 2002). A case is fit for judicial decision when issues are purely legal and when the action and controversy is final and not dependent on future uncertainties. *Charter Fed. Sav. Bank v. Office of Thrift Supervision*, 976 F.2d 203, 208 (4th Cir. 1992).

In the immediate case, neither the Plaintiff nor the putative class members have a judgment from a foreign jurisdiction for immediate presentation to the Board. According to the Amended Complaint, Plaintiff simply has a pending unresolved lawsuit filed in the Superior Court of the District of Columbia. (Am. Compl. ¶¶ 37, 38.) In its opening paragraph, the Amended Complaint describes the "Nature of Action": "[t]his class action arises out of the Defendants' violations of a constitutional right of the Plaintiff' s [sic] to have the judgments they may obtained [sic] or will obtain in District of Columbia or other courts outside of the commonwealth [sic] of Virginia enforced by the Commonwealth of Virginia." (Am. Compl. ¶ 1.)

The advisory nature of this action is more clearly demonstrated in Plaintiff's Opposition to Motion to Dismiss Amended Complaint:

> [t]his action is being brought not just on behalf of Mr. Andrew, who would like to know if his case would be better off dismissed and refiled in Virginia, so that the Board would honor his judgment, and those individuals who have not yet filed cases against Virginia Auto Dealers, but, who on doing so, have to decide whether to file in their preferred forum, DC or Maryland, or other states in which Virginia auto dealers are likely to be subject to jurisdiction (i.e., Tennessee, West Virginia) and would like to know whether a suit commenced out of state will be honored by the Board.

(Pl.'s Opp. Defs.' Mot. Dismiss Am. Compl. 2.)

It is obvious from the face of the Amended Complaint that neither the Plaintiff nor the putative class action members present an actual controversy for resolution. By their own acknowledgement, they are seeking advice from this Court to guide them in the prosecution of a possible claim against a Virginia auto dealer. The Amended Complaint filed in this case assumes that the class plaintiffs will prevail in their out-of-state lawsuits

4

and obtain a judgment which could form the basis for a claim against the Fund. Until such time, Plaintiff's claim lacks the certainty and finality required of a justiciable controversy.

For the foregoing reasons, the Defendants' Motion to Dismiss Amended Complaint will be granted without prejudice. An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: Dec 2, 2010
Richmond, VA